UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 13<br>Case No. 22-10017 |
| STEPHEN RICHARD JORDAN, | ) ) | |
| Debtor | ) ) | |

## ORDER DISMISSING CASE

No person filing a voluntary petition under chapter 13 of the Bankruptcy Code has a right to pay the required filing fee in installments. The Federal Rules of Bankruptcy Procedure authorize the court to *permit* the payment of the filing fee in installments. *See* Fed. R. Bankr. P. 1006(b). But the Court need not grant this relief. In other words, there is no unqualified right to pay the filing fee over time.

Here, Stephen R. Jordan sought and received permission to pay the filing fee in installments. *See* [Dkt. No. 10]. The first installment payment, in the amount of $78.25, was due on or before February 9, 2022. Subsequent payments in the same amount were due on or before March 4, April 4, and May 3, 2022. The order setting the payment schedule includes the following cautionary note:

> IT IS FURTHER ORDERED that, unless the debtor(s) request(s) a hearing and demonstrate(s) why it should not be so, any dismissal ordered on account of failure to make installment payments shall be deemed a dismissal for willful failure to abide by a Court order or for failure to appear before the Court in proper prosecution of the case and shall render the debtor(s) ineligible to file another voluntary petition for 180 days, pursuant to 11 U.S.C. § 109(g)(1).

*See* [Dkt. No. 10]. Despite this warning, Mr. Jordan did not make his payment in a timely manner. Rather than dismiss his case, the Court issued another order, this one containing an explicit warning about the payment of the filing fee:

1

> IT IS HEREBY ORDERED that unless debtor(s) pay(s) the overdue installment fee and all other outstanding Court charges (if any) or file(s) a written request for a hearing within fourteen (14) days of this order, this case will be dismissed pursuant to 11 U.S.C. § 1307(c)(2) without further notice[.]

*See* [Dkt. No. 20].   On or about February 18, 2022, Mr. Jordan delivered a money order in the amount of $78.25 to the Clerk.

Three days after the deadline for the second installment payment (March 4), Mr. Jordan filed a motion asking the Court to alter the payment schedule.   *See* [Dkt. No. 33].   The Court granted that motion, in part, and set March 8, 2022, as the deadline for the second payment.   Yet another warning was provided to Mr. Jordan:

> any future installments must be paid by the deadline imposed. Failure to do so, or to seek an extension of the deadline before the payment is due, will result in dismissal or conversion of this case.

*See* [Dkt. No. 36] at ¶ 2.   Mr. Jordan paid the second installment, in a timely manner, on March 8, 2022.

As of April 6, 2022, the Clerk's office had not received Mr. Jordan's third installment payment.   That payment was due on or before April 4.   There is no motion to extend the time for making the third installment payment on the docket.   Even if Mr. Jordan had filed a motion to extend the time for making the payment, the motion likely would have been denied.

But even if the Court were to overlook Mr. Jordan's failure to make timely installment payments, the case would nevertheless be dismissed.   The chapter 13 trustee asked the Court to dismiss this case.   *See* [Dkt. No. 45].   That motion and a notice of the scheduled hearing on the motion on April 7 were served on Mr. Jordan.   Mr. Jordan did not appear, either through counsel or on his own behalf, at that hearing.   At the hearing, the trustee represented that, since the inception of this case, Mr. Jordan has not made a single plan payment.   That failure, by itself, is

cause for dismissal of this case.  *See* 11 U.S.C. § 1307(c)(4).

Instead of filing a written objection to the trustee's motion, Mr. Jordan asked the Court to "vacate" that motion.  *See* [Dkt. No. 51].  Typically, courts do not vacate a request for relief by a party (here, the chapter 13 trustee).  The word "vacate" is typically used to describe an action taken by a court with respect to an existing order or judgment of a court.  Even if the Court were to equate Mr. Jordan's motion to vacate with an objection to the trustee's request, Mr. Jordan has either failed to refute, or has not adequately refuted, the allegations in the trustee's motion.

The trustee has established "cause" and Mr. Jordan has not provided a sufficient basis for this Court to refrain from dismissal or conversion once cause has been established.  The dismissal of this chapter 13 should have no effect on Mr. Jordan's ability to "pursu[e] administrative remedies" in connection with the judgment obtained by CUSO Mortgage Corporation in state court.  The alleged difficulty obtaining information necessary to prepare a chapter 13 plan is not a sufficient explanation.  Mr. Jordan alleges that he "has resources" yet has not made a single plan payment in any amount and has not even proposed any type of payment schedule.  Mr. Jordan's other allegations in his motion to vacate are either wide of the mark or are unpersuasive.  This case appears to be more of a collateral attack on a state court judgment than an effort to pay creditors and obtain a discharge of debts under section 1328.

This chapter 13 case is hereby dismissed under 11 U.S.C. § 1307(c).

Dated:  April 7, 2022

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

3